IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| SYLVIA M. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:16-cv-00001 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Sylvia M. Lewis ("Lewis") filed this action challenging the final decision of the

Commissioner of Social Security ("Commissioner") finding her not disabled and therefore

ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42

U.S.C. §§ 401–433. Lewis's sole claim asserts that the Administrative Law Judge ("ALJ")

improperly gave limited weight to the opinions of her treating physician, Joseph Wombwell,

M.D. I find that the ALJ provided a sufficient explanation for the limited weight given to Dr.

Wombwell's opinion. Accordingly, I **DENY** Lewis's request for relief and **GRANT** the

Commissioner's Motion for Summary Judgment. Dkt. No. 16.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to

support the Commissioner's conclusion that Lewis failed to demonstrate that she was disabled

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, I substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this suit.

1

under the Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Lewis protectively applied for DIB on June 26, 2012, alleging that her disability began on September 15, 2008 due to back cancer, skin cancer, high blood pressure, joint disease of knees and ankles, lower back problems and a cyst on her ovaries. R. 39. The Commissioner denied the application at both the initial and reconsideration levels of administrative review. R. 39–60, 61–82. On May 20, 2014, ALJ Marc Mates held a hearing to consider Lewis's disability claim. R. 22–38. Lewis appeared at the hearing with her attorney, James Bowman, and the hearing included testimony from vocational expert Gerald Wells. R. 21–38.

On July 26, 2014, the ALJ entered his decision analyzing Lewis's claim under the familiar five-step process[3] and denied her claim for benefits. R. 10–20. The ALJ found that

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2001) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work

2

Lewis was insured at the time of the alleged disability onset and that she suffered from the severe impairments of hypertension, obstructive sleep apnea, degenerative joint disease of both knees, and obesity. R. 10–13. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 13–14. The ALJ then concluded that Lewis retained the residual functional capacity ("RFC") to perform light work.[4] Specifically, the ALJ found that Lewis was limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing and walking for 4 hours in an 8 hour workday, and sitting for 6 hours in an 8 hour workday. R. 14. The ALJ further concluded that Lewis could only occasionally climb stairs, balance, kneel or crawl, and that she must avoid exposure to hazards, wetness, and extreme cold. Id.

The ALJ determined that Lewis would be unable to return to her past relevant work as a sandwich maker, laborer, or picking line worker, but that Lewis could perform jobs that exist in significant numbers in the national economy, such as cafeteria cashier, gate guard, and routing clerk. R. 19–20. The ALJ therefore concluded that Lewis was not disabled. R. 20. Lewis appealed the ALJ's decision and the Appeals Council denied her request for review on November 2, 2015. R. 1–3.

## ANALYSIS

Lewis argues that the ALJ improperly discounted the medical opinion of Dr. Wombwell, the orthopedic surgeon who served as her treating physician from February 2010 to January 2014, during which time he treated her on ten occasions. On January 24, 2014, Dr. Wombwell

---

experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[4] An RFC is an assessment, based upon all the relevant evidence, of what a claimant can still do despite her limitations. 20 C.F.R. § 404.1545. Descriptions and observations of a claimant's limitations by her and by others must be considered along with medical records to assist the Commissioner in deciding to what extent an impairment keeps a claimant from performing particular work activities. Id. The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567(a).

3

completed a checkbox Medical Source Statement describing Lewis's prognosis as "poor."

R. 571–74. Specifically, Dr. Wombwell found that Lewis "may require knee replacements," that

she is unable to stand or walk during an 8 hour workday, that she can only occasionally lift 5–10

pounds, and that she is entirely unable to bend, squat, crawl, or climb. Id.

The state agency physicians who reviewed Lewis's medical history and records in 2012

determined that Lewis could stand for 4 hours each day, occasionally bend and squat, and

occasionally lift or carry up to 20 pounds. R. 55, 77. The ALJ relied upon the opinions of Dr.

Wombwell and the state agency physicians to develop Lewis's RFC, giving only "limited

weight" to the findings of Dr. Wombwell, but "significant weight to the assessments of the State

agency consultants." R. 17–18.

Regarding Dr. Wombwell's opinion, the ALJ wrote:

> The undersigned gives limited weight to Dr. Wombwell's
> assessments, as the limitations noted above are overly restrictive
> and inconsistent with and unsupported by the objective findings
> noted throughout the medical evidence of record, which indicate
> that the claimant has no instability of knee joints, her treatment has
> been limited to medication and injections as needed, she has 5/5
> strength throughout her extremities, and she has nearly full
> extension of her knees. Additionally, as recently as May 2014, the
> claimant's primary care practitioner advised her to do activity as
> tolerated.

Id. The ALJ further credited the opinions of the state agency medical consultants because they

were "consistent with and supported by the evidence of record, as a whole." R. 17.

The ALJ must assess every medical opinion received into evidence. See 20 C.F.R.

§ 404.1527(c). Under the social security regulations, an ALJ must give the opinion of a treating

source controlling weight if he finds the opinion "well-supported by medically acceptable

clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial

evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ must further give "good

4

reasons" for not affording controlling weight to a treating physician's opinion. 20 C.F.R. § 416.927(c)(2); Brown v. Astrue, No. 2:09CV266, 2010 WL 2382857, at \*6 (E.D. Va. May 6, 2010). The ALJ may assign little or no weight to the medical opinion of a treating physician if the ALJ provides sufficient consideration of the factors set forth in 20 C.F.R § 404.1527.[5]

The ALJ thoroughly reviewed Lewis's medical records and summarized her treatment history, including Dr. Wombwell's treatment notes from each of Lewis's visits. The detailed review of the medical evidence of record demonstrates that the ALJ developed a full awareness of Lewis's treatment history with Dr. Wombwell when deciding the proper weight to assign to Dr. Wombwell's opinion.

The ALJ's explanation for the weight given to Dr. Wombwell's medical opinion satisfies the ALJ's obligation to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016). In Monroe, the ALJ failed to "specify what 'objective evidence' or what aspects of [the claimant's] 'treatment history' he was referring to." Id. at 191. The ALJ's failure to do so rendered his analysis "incomplete" because it "preclude[d] meaningful review." Id. Thus, after Monroe, an ALJ's conclusory finding that a treating physician's opinion is inconsistent with the medical record does not, without more, constitute a complete analysis. See id. ("Without more specific explanation of the ALJ's reasons for the differing weights he assigned various medical opinions, neither we nor the district court can undertake meaningful substantial-evidence review.").

---

[5] When a treating physician's medical opinion is not given controlling weight, an ALJ is to consider the following factors when assigning weight to the opinion: (1) the length of treatment and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the opinion's support by medical evidence; (4) the opinion's consistency with the record as a whole; and (5) the treating physician's specialization. 20 C.F.R. § 404.1527(c)(2)–(5). Although the regulations require consideration of these factors, the ALJ is not required to specifically address each one in his opinion. See Henley v. Astrue, No. 3:11-cv-488, 2012 WL 2804846, at \*4 (W.D.N.C. July 10, 2012).

Here, the ALJ found Dr. Wombwell's opinion inconsistent with and unsupported by the record and cited to specific aspects of Lewis's treatment history that supported this conclusion. R. 18. Specifically, the ALJ pointed to evidence showing that Lewis "has no instability of the knee joints, her treatment has been limited to medication and injections as needed, she has 5/5 strength throughout her extremities, and she has nearly full extension of her knees." Id. Indeed, Dr. Wombwell's checkbox form opinion that Lewis was unable to stand or walk at all during an eight-hour workday is contradicted by his examination notes finding near normal range of motion and no instability in either knee. See R. 315, 316, 576–77, 581. Additionally, the ALJ noted that Lewis returned to work in September 2013 as a production worker, which demonstrated that "she believed herself capable of working during the relevant timeframe." R. 18. Although Lewis ultimately quit that job four months later, the Commissioner can consider work done by the claimant after the alleged onset of disability as tending to show that the claimant was not then disabled. Sigmon v. Califano, 617 F.2d 41, 42–43 (4th Cir. 1980).

The ALJ sufficiently linked evidence in the record to his decision to give Dr. Wombwell's opinion limited weight. The ALJ has provided a sufficient bridge between the evidence and his conclusions such that I, sitting as a reviewing judge, am not required to mine the medical record to search for the inconsistencies between Dr. Wombwell's opinion and those of the state agency consultants. See Knapp v. Colvin, No. 7:15-CV-348, 2016 WL 4447836, at *4 (W.D. Va. Aug. 1, 2016) ("Without this analysis, I am left to mine the record for facts to support the ALJ's conclusions and essentially fill in the blanks the ALJ left in his analysis. This I cannot do."). The ALJ's opinion allows a reviewing court to analyze the record with respect to the particular ailments and symptoms that Dr. Wombwell and the state consultants relied upon in making their differing determinations of Lewis's RFC.

Lewis's argument is really an invitation to re-weigh the evidence and assign a different weight to the opinion of Dr. Wombwell, which I will not do. The ALJ set out in detail Dr. Wombwell's medical examinations and treatment of Lewis, including the possibility that she may one day need a knee replacement. The court's role is limited to determining whether the ALJ's decision is supported by substantial evidence. Here, the ALJ thoroughly considered the entire medical record and explained his decision to give the state physicians' opinions greater weight by pointing to specific evidence in the medical record. In determining Lewis's RFC, the ALJ interpreted the medical record consistently with the opinions of the state agency physicians. Accordingly, the ALJ's opinion allows for meaningful review, and upon such review, I find that substantial evidence supports the ALJ's decision to give diminished weight to Dr. Wombwell's medical opinion.

## **CONCLUSION**

For the reasons set forth above, Lewis's request for relief is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**. An order will follow.

Entered:  March 6, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge